IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| IFS FINANCIAL CORPORATION | § | CASE NO: 02-39553 |
|     Debtor(s) | § | |
| | § | CHAPTER 7 |
| | § | |
| W. STEVE SMITH, TRUSTEE | § | |
|     Plaintiff, | § | |
| | § | |
| VS. | § | ADVERSARY NO. 04-3812 |
| | § | |
| ERMILIO RICHER SANTOS, *et al* | § | |
|     Defendants. | § | |

**MEMORANDUM OPINION DENYING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

For the reasons set forth below, the Defendants' amended motion for summary judgment [docket no. 71] is denied.

**Summary**

The above-captioned bankruptcy case is a jointly administered case comprised of approximately 19 related entities.[1] Under the jointly administered case, W. Steve Smith, Trustee, has filed over 100 adversary proceedings. The Trustee filed the present adversary on October 10, 2004.

Between 2000 and 2002, a large amount of money was allegedly transferred out of the IFS Financial Corporation ("IFS") and related entities to various insiders. The Trustee contends that Defendants Ermilio Richer Santos, Eugenio Richer (Kahusku Ltd. Inc.), and Jose Richer Santos received fraudulent transfers and seeks to recover such transfers pursuant to 11 U.S.C. § 544(b) and Tex. Bus. & Comm. Code § 24.005.

---

[1] An involuntary petition was filed against each of these entities on approximately August 23, 2002. The Court entered an order on January 3, 2005 jointly administering these cases under a single docket. The relationship between these various entities is complex. The Trustee sets forth an overview of the alleged "Interamericas Corporate Structure" in his complaint.

1

**Remaining Claims**

On April 21, 2006, the Court entered an order granting in part and denying in part the Defendant's motion to dismiss. That order dismissed the following claims:

1. All claims by any Plaintiff other than the Estate of IFS Financial Corporation;

2. All claims that the Defendants are liable based on a receipt of subsequent, indirect transfers; and

3. All claims that funds transferred to the Defendants were transferred via a conduit relationship in which funds were earmarked for the Defendants.

The Defendants now seek summary judgment on the remaining claims [see docket nos. 61 and 71]. The Defendants argue that the Trustee cannot establish that the property allegedly transferred to Defendants was property belonging to IFS or that such property was directly transferred to the Defendants. The Trustee objects to the requested relief.

**Background**

IFS is part of the Interamericas Companies comprised of Interamericas, Ltd., Interamericas Investments, Ltd., Interamericas Holdings, Inc., Interamericas Corporation, Interamericas Financial Holdings, Ltd., Interamericas Financial Holdings Corp. ("Interamericas"), IFS, and other related entities. IFS is a holding company controlled by Hugo Pimienta.

Between 1998 and 2002, the assets of the Interamericas companies, including IFS, were transferred between various entities and ultimately outside the companies. The Trustee alleges that the majority of the transfers went into two accounts, one in the name of Integra Bank at the Southwest Bank of Texas ("Integra Account") and the other in the name of INV Capital, Ltd. at Woodforest Bank in Texas (the "INV Account").

On February 19, 2000, Ermilio Richer Santos was paid $1,174,769.35 from the Integra Account. On February 7, 2000, Eugenio Richer was paid $607,141.99 and on March 7, 2000 he

2

was paid $4,489,374.80 from the Integra Account. On March 7, 2000, Jose Richer Santos was paid $18,765.03 and $300,000.00 from the Integra Account.

The Trustee contends that these transfers were made with the intent to hinder, delay and defraud the IFS creditors and are therefore avoidable under § 544(b). The Defendants argue that the Trustee is unable to prove essential elements of his § 544(b) and seeks summary judgment.

## Summary Judgment Standard

A party seeking summary judgment may demonstrate: (i) an absence of evidence to support the non-moving party's claims or (ii) the absence of a genuine issue of material fact. *Warfield v. Byron*, 436 F.3d 551, 557 (5th Cir. 2006); *Condrey v. SunTrust Bank of Ga.*, 429 F.3d 556, 562 (5th Cir. 2005). Material facts are those that could affect the outcome of the action or could allow a reasonable fact finder to find in favor of the non-moving party. *DIRECTV, Inc. v. Budden*, 420 F.3d 521, 529 (5th Cir. 2005).

The evidentiary support needed to meet the initial summary judgment burden depends on whether the movant bears the ultimate burden of proof at trial. At all times, a court views the facts in the light most favorable to the non-moving party. *Rodriguez v. ConAgra Grocery Products, Co.*, 436 F.3d 468, 473 (5th Cir. 2006). However, to weigh evidence would result in a credibility determination which is not part of the summary judgment analysis. *Hunt v. Rapides Healthcare Sys., LLC*, 277 F.3d 757, 762 (5th Cir. 2001); *See MAN Roland, Inc. v. Kreitz Motor Express, Inc.*, 438 F.3d 476, 478 (5th Cir. 2006). A court is not obligated to search the record for the non-moving party's evidence. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003).

If the movant bears the burden of proof, a successful motion must present evidence that would entitle the movant to judgment at trial. *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003); *Beck v. Tex. State Bd. of Dental Exam'rs*, 204 F.3d 629, 633 (5th Cir. 2000). Upon an adequate showing, the burden shifts to the non-moving party to establish a genuine issue of

material fact. *Warfield*, 436 F.3d at 557. The non-moving party has a duty to respond with specific evidence demonstrating a triable issue of fact. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 324 (1986); *Wheeler v. BL Dev. Corp.*, 415 F.3d 399, 402 (5th Cir. 2005). When identifying specific evidence in the record, the non-movant must articulate how that evidence supports its position. *Johnson v. Deep E. Texas Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004).

If the movant does not bear the burden of proof, the movant must show the absence of sufficient evidence to support an essential element of the opposing party's claim. *Id.; see also Condrey v. Suntrust Bank of Ga.*, 431 F.3d 191, 197 (5th Cir. 2005); *Ballard v. Burton*, 444 F.3d 391, 396 (5th Cir. 2006). The movant may seek summary judgment if insufficient evidence has emerged from discovery to support the non-moving party's claims. 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 2727 (3d ed. 1998). At this time the non-moving party must respond with sufficient evidence to support the challenged element of its case or present evidence to raise a material issue of fact. *Id.; Celotex Corp. v. Cattrett*, 477 U.S. 317, 324 (1986); *Wheeler v. BL Dev. Corp.*, 415 F.3d 399, 402 (5th Cir. 2005). Ultimately, the motion should be granted if the non-moving party cannot produce evidence to support an essential element of its claim. *See Condrey*, 431 F.3d at 197.

## Analysis

Section 544(b) provides that "the trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title." 11 U.S.C. § 544(b). The Trustee relies on Texas Business & Commerce Code § 24.005 to void the transfers as fraudulent. Section 24.005 provides:

4

> A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation under any of the following:
>
> (1) With actual intent to hinder, delay or defraud any creditor of the debtor.
>
> (2) Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor either:
>
> (a) Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction.
>
> (b) Intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due.

TEX. BUS. & COM. CODE § 24.005(a).

The Defendants seek summary judgment based on the allegation that the Trustee's complaint provides no basis for recovery since the transfers at issue were not made by IFS and because the transfers did not involve IFS property. Alternatively, the Defendants argue there is no evidence to support the Trustee's arguments in support of his position. In particular, the Defendants argue that case law requires that the Trustee prove that IFS had ownership and control over the Integra and INV Accounts before he may prevail. The Court will review the Defendants' arguments separately.

*Were the Transfers Made by IFS?*

The Defendants claim that the transfers to the Defendants were not transfers made by IFS, but transfers made by Integra or INV. At this time, the Court need not determine conclusively whether IFS made the transfer, but only whether the Defendants can prevail on summary judgment. To prevail, the Defendants must show the absence of sufficient evidence to support the Trustee's contention that the transfers were made by IFS. In support of their

5

argument, the Defendants cite to the Trustee's admissions in related pleadings that discuss the transfer of funds through various entities that conclude with statements that the ultimate transfers were made from the Integra and INV Accounts to the Defendants. The Defendants argue such statements preclude the Trustee's present claim.

The Trustee does not dispute that the transfers did not occur directly from IFS to the Defendants. This is a complex case involving numerous related entities and millions of dollars that was transferred among the related entities. Instead, the Trustee alleges that IFS was the only operating entity of value and that, despite the name on the account, IFS managed and controlled the funds in the Integra and INV Accounts by way of Hugo Pimienta and other individuals who controlled IFS and the other Interamericas companies. Although the transfers passed through Integra and INV, the Trustee argues the entities were sham entities used as a conduit for payments to such parties as the Defendants and that IFS maintained dominion and control over the money at all times. The Trustee's evidence includes various affidavits and exhibits to support his claim. The affidavits of Luis de la Pena Stettner, Alberto Lenz and Mario Valverde Garces demonstrate that the investors transferred their money to Hugo Pimienta or Interamericas with general instructions to manage their money as necessary to receive the promised interest rate and that the investors were aware that their investments were made with the Interamericas companies. Lenz's affidavit further demonstrates that Integra Bank was established as a sham entity to fool bank regulators. The Trustee's evidence also includes the affidavit of Hugo Pimienta which demonstrates that control of the Interamericas related entities, including the control of IFS and Integra, was retained by the same people. The affidavit further provides that Integra and INV were used initially as conduits to assist Pimienta and the Interamericas companies to accept and pass through the deposits made by investors and ultimately were used as determined by Pimienta. Although the Defendant objects to the introduction of Hugo

6

Pimienta's affidavit on the basis that it is self-serving and lacks credibility, the objection is overruled. At this stage, it is inappropriate for the Court to make credibility determinations or weigh the evidence; the Court must assume the truth of the evidence on summary judgment. *Harvill v. Westward Comm., L.L.C.*, 433 F.3d 428, 436 (5th Cir. 2005). Finally the Trustee introduces statements by the Defendants' counsel that were made in a related state court proceeding. In the state court action, Defendants' counsel argued to the state court that Interamericas, and Hugo Pimienta specifically, actually exercised control over the Integra Account. Although the admissibility of such evidence may be contested at trial, it is relevant at this stage and establishes the existence of a genuine issue of material fact.

Consequently, the Trustee has met his burden on this issue. The evidence demonstrates the existence of genuine issues of material fact—namely, whether IFS maintained sufficient dominion and control over the Integra and INV Accounts and moneys—with respect to whether IFS made the transfers at issue.

*Did the Transfers Involve IFS Property?*

The Defendants further contend that the money transferred was not IFS's property, but commingled funds that were derived from the sale Accubank and the assets of AFL. Alternatively, the Defendants argue that even if IFS had control over the money, it was because IFS improperly seized control. As discussed above, this latter argument is rejected on summary judgment.

Although Texas law presumes that the owner of a bank account is the one whose name is on the account, the Trustee has presented evidence that the named account holders in this case were sham entities created by the Interamericas companies sufficient to raise a genuine issue and challenge the presumption. Thus, any funds held in the accounts may have been under the

7

dominion and control of IFS if it is established at trial that IFS had control over the accounts.[2] Nonetheless, it must still be determined whether the funds in the accounts belonged to IFS.

The Trustee argues that the transfers to the Defendants constituted transfers of IFS assets. Although the Trustee admits that the Accounts were funded in part by the sale of Accubanc and the sale of assets of AFL—related insurance and mortgage banking subsidiaries of IFS—he provides evidence that these entities and assets belonged to and were sold by IFS. *See* Hugo Pimienta Affidavit. As such, the Trustee argues that the money was property of the Debtor. The Trustee has raised a genuine issue of material fact with respect to this issue.

## Conclusion

Based on the foregoing, the Defendants' amended motion for summary judgment is denied.

Signed at Houston, Texas, on February 16, 2007.

_____
MARVIN ISGUR
United States Bankruptcy Judge

---

[2] The Defendants argue, however, that because the funds in the Integra Account were commingled, this defeats the Trustee's argument that IFS had control over the transferred funds. This argument is moot, however since the evidence supports a finding that IFS had control and dominion over all moneys in the Integra and INV Accounts.

8